IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PATRICK BARGER,

        **Plaintiff,**

v.                  //     CIVIL ACTION NO. 1:15CV51
                                   (Judge Keeley)

GAP ENTECH, INC. and
NIAGARA WORLDWIDE, LLC,

        **Defendants.**


**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND
[DKT. NO. 7] AND DENYING AS MOOT MOTION TO STAY [DKT. NO. 11]**

On February 20, 2015, the plaintiff, Patrick Barger
("Barger"), filed suit in the Circuit Court of Pleasants County,
West Virginia, naming GAP Entech, Inc. ("GAP"), and Niagara
Worldwide, LLC ("Niagara"), as defendants (Dkt. No. 1-3). On
March 25, 2015, GAP removed the case to this Court (Dkt. No. 1 at
1).

On April 7, 2015, Barger filed a motion to remand, alleging
GAP had waived its right to remove by filing a notice of bona fide
defense and a civil case information sheet in the Circuit Court of
Pleasants County (Dkt. No. 7). On April 20, 2015, Niagara filed a
response opposing Barger's motion (Dkt. No. 18), and on the
following day, April 21, 2015, GAP filed a similar response (Dkt.
No. 19). On April 27, 2015, Barger filed his reply (Dkt. No. 21).
On April 7, 2015, contemporaneous with the filing of the motion to
remand, Barger filed a motion to stay "all proceedings" in the case

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND**
**[DKT. NO. 7] AND DENYING AS MOOT MOTION TO STAY [DKT. NO. 11]**

pending the Court's decision on his motion to remand (Dkt. No. 11). The motions are fully briefed and ready for disposition.

### A.   Background

On December 31, 2014, Barger, a GAP employee, was working at Niagara's Ormet Aluminum Smelter facility in Hannibal, Ohio, pursuant to a contract between GAP and Niagara, when a large steel pipe fell against his leg (Dkt. No. 1-4 at 2, 4).  Barger was transported to the emergency room at the Wetzel County Hospital in New Martinsville, West Virginia, where he was treated and released with a leg brace and pain medication.  Id. at 4.

Barger continued to experience such pain that, on January 1, 2015, he was taken to Marietta Memorial Hospital, where he was diagnosed with compartment syndrome in his injured leg.  Id. at 4-5.  He underwent emergency surgery in an attempt to save his leg, but developed an infection that ultimately necessitated amputation of the leg.  Id. at 5.  As a result, Barger has needed rehabilitation, continued medical treatment, and wears a prosthetic leg.  Id.  He is unable to return to his regular employment and continues to endure pain and mental anguish.  Id.

On February 20, 2015, Barger filed suit in the Circuit Court of Pleasants County, alleging one count of deliberate intent

against GAP, and three counts of negligence against Niagara (Dkt. No. 1-3 at 7-12).

On February 23, 2015, GAP was served with the summons and complaint (Dkt. No. 1 at 1), and on February 25, 2015, Niagara was similarly served (Dkt. No. 9 at 2).  Barger filed his amended complaint on March 4, 2015 (Dkt. No. 1-4), following which, on March 9, 2015, GAP filed a notice of bona fide defense and a civil case information sheet (Dkt. No. 9 at 2).

On March 25, 2015, based on diversity jurisdiction, GAP removed the case to this Court pursuant to 28 U.S.C. § 1332(a)(1) (Dkt. No. 1).  Niagara consented to removal (Dkt. No. 1-5).  Barger is a citizen of West Virginia, while GAP is a Pennsylvania corporation with its principal place of business in Pennsylvania (Dkt. No. 1 at 3).  Niagara, a limited liability company, is a citizen of both Missouri and New Jersey.  Id. at 3-4.  Barger does not dispute that complete diversity exists, or that the amount in controversy exceeds $ 75,000 (Dkt. No. 7).

On March 25, 2015, GAP moved to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6), which, following the filing of Barger's second amended complaint, the Court dismissed as moot on May 12, 2015. (Dkt. No. 29).

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [DKT. NO. 7] AND DENYING AS MOOT MOTION TO STAY [DKT. NO. 11]**

Meanwhile, on April 7, 2015, Barger moved to remand the case, on the basis that GAP had waived its right to remove because it had filed a notice of bona fide defense and civil case information sheet before it was required to file a responsive pleading (Dkt. No. 7). Barger also contended that, because GAP's removal was defective, Niagara's consent to removal was ineffective, thus destroying the rule of unanimity. Id. Barger also filed a motion seeking a stay until the Court ruled on his motion to remand (Dkt. No. 11).

In response to Barger's motion to remand, Niagara argued that the filing of GAP's notice of bona fide defense and civil case information sheet did not waive its right to remove inasmuch as neither constituted "substantial defensive action in the state court." Westwood v. Fronk, 177 F.Supp.2d 536, 540 (N.D.W. Va. 2001) (quoting Aqualon v. MAC Equipment, Inc., 149 F.3d 262, 264 (4th Cir. 1998)). In support of its argument, Niagara relied on this Court's decision in Small v. Ramsey, 2010 WL 4394084 at *3 (N.D.W. Va. Nov. 1, 2010), holding that the defendant had not waived his right to remove by filing a notice of bona fide defense in state court before seeking removal.

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND**
**[DKT. NO. 7] AND DENYING AS MOOT MOTION TO STAY [DKT. NO. 11]**

GAP argued that neither the notice of bona fide defense nor the civil case information sheet indicated its intent to remain in state court (Dkt. No. 19 at 1-2).  Rather, its notice of bona fide defense solely preserved its right to file an answer within thirty days.  W. Va. R. Civ. P. 12.  Moreover, the civil case information sheet is no more than a basic document a defendant must submit when making its first filing in a state court action.  <u>Id.</u>

Barger asserted that GAP had no need to file a notice of bona fide defense or civil case information sheet when it did because the time to file a responsive pleading under West Virginia's Rules of Civil Procedure had not yet expired (Dkt. No. 21 at 1).  "[C]learly there was no reason to file those documents in the state court action, other than an intent to remain in state court."  <u>Id.</u> He also argued that remand to the Circuit Court of Pleasants County is proper due to the state law nature of his claims, and the fact that the majority of witnesses reside there.  <u>Id.</u> at 5.

**B.    Applicable Law**

The district court has original jurisdiction of civil actions between citizens of different states where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).  To be a "citizen" of a state, a natural person must be both a citizen of

5

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND**
**[DKT. NO. 7] AND DENYING AS MOOT MOTION TO STAY [DKT. NO. 11]**

the United States and be domiciled within the state. <u>Newman-Green,</u>
<u>Inc. v. Alfonzo-Larrain</u>, 490 U.S. 826, 828, 109 S.Ct. 2218, 2221
(1989). A person is domiciled in a state where he is physically
present, and intends to remain. <u>Mississippi Band of Choctaw</u>
<u>Indians v. Holyfield</u>, 490 U.S. 30, 48, 109 S.Ct. 1597, 1608 (1989).
An LLC is assigned the citizenship of each of its members. <u>General</u>
<u>Technology Applications, Inc. v. Exro Ltda</u>, 388 F.3d 114, 120 (4th
Cir. 2004).

When a federal court's original jurisdiction is premised on
diversity of citizenship, a defendant who is not a citizen of the
state in which a state court action is filed may remove that action
to a federal district court that would have had original
jurisdiction over the case when it was first filed. 28 U.S.C. §
1441(a), (b). Removal statutes are strictly construed against the
party seeking removal, and the burden of establishing jurisdiction
rests on the removing party. <u>Mulcahey v. Columbia Organic</u>
<u>Chemicals Co., Inc.</u>, 29 F.3d 148, 151 (4th Cir. 1994).

Federal district courts generally lack the statutory power to
remand a case based on a party's waiver of the right of removal.
<u>Small</u>, 2010 WL 4394084 at *2. The United States Court of Appeals
for the Fourth Circuit, however, has recognized that a district

court may find such a waiver under common law, but only in very
limited circumstances.  <u>Grubb v. Donegal Mut. Ins. Co.</u>, 935 F.2d
57, 59 (4th Cir. 1991).  Before finding waiver, a court must
conduct "a factual and objective inquiry as to the defendant's
intent to waive."  <u>Small</u>, 2010 WL 4394084 at *<u>2</u> (internal citations
omitted).

When conducting this inquiry, a court must look to whether the
defendant took "some substantial defensive action in the state
court before petitioning for removal."  <u>Id.</u>  (internal citations
omitted).  The defendant's "substantial defensive action" must
indicate his "clear and unequivocal intent" to remain in state
court, and must be found only in "extreme situations."  <u>Id.</u>
(internal citations omitted).  A defendant's admission of a state
court's jurisdiction and venue, without more, will not qualify as
an extreme situation constituting a waiver.  <u>Id.</u>  Nevertheless,
seeking affirmative relief in state court, such as filing a
permissive crossclaim, does constitute waiver of the defendant's
right to remove.  <u>Westwood</u>, 177 F.Supp.2d at 540.

### C.   Analysis

The parties' dispute boils down to whether GAP's filing of a
notice of bona fide defense and civil case information sheet in

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND**
**[DKT. NO. 7] AND DENYING AS MOOT MOTION TO STAY [DKT. NO. 11]**

state court amounts to "substantial defensive action" indicating a "clear and unequivocal intent" to remain in state court.[1] <u>Small</u>, 2010 WL 4394084 at *2. To that end, the Court's opinion in <u>Westwood</u>, cited repeatedly by Barger, is inapposite. There, the issue before the Court was whether the defendant had waived his right of removal by filing a permissive cross-claim in state court. 177 F.Supp.2d at 541. The Court characterized the defendant's affirmative action in filing a permissive cross-claim as "volitional," and found that the case fell squarely within the "extreme situation" where a defendant waives his right to removal. <u>Id.</u> It also addressed whether defendant Fronk's waiver barred the other defendants from removing the case, and found that it did. <u>Id.</u> at 542-43. Thus, <u>Westwood</u>, which dealt with permissive cross-claims, is clearly inapplicable to the instant case.

GAP and Niagara rely on <u>Small</u>, in which the Court concluded that the defendant's "pre-removal filing of a notice of bona fide defense and service of discovery requests, without more, did not

---

[1] Barger also urges the Court to conclude that Niagara's consent to removal was meaningless, thus defeating the rule of unanimity (Dkt. No. 9 at 2). Of course, if GAP's removal was defective, Niagara's consent would not preclude the Court from remanding the case. <u>See</u> <u>Westwood</u>, 177 F.Supp.2d at 542. As that is not the situation at bar, the Court need not address the issue.

constitute a waiver of his right of removal." 2010 WL 4394084 at *3. In <u>Small</u>, the Court analyzed whether the defendant's pre-removal service, but not filing, of his answer and permissive cross-claims constituted a waiver of his right of removal, and concluded it did not. <u>Id.</u> at *5. In reaching that conclusion, it differentiated between service and filing, noting that a defendant "who serves but does not file a pleading prior to removal has not demonstrated the clear and unequivocal intent to accede to state court jurisdiction." <u>Id.</u>

Although this case does not turn on the question of service and filing because GAP clearly filed its notice of bona fide defense and civil case information sheet in state court, the opinion in <u>Small</u> emphasized that a defendant's intent to remain in state court "must take the form of [its] purposeful availament [sic] of the state court's jurisdiction." <u>Id.</u> at *4. The purpose of the waiver doctrine is to prevent a defendant from "test[ing] the waters in state court and, finding the temperature not to its liking, beat[ing] a swift retreat to federal court." <u>Id.</u> (quoting <u>Estate of Krasnow v. Texaco, Inc.</u>, 773 F.Supp. 806, 809 (E.D. Va. 1991)).

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND
[DKT. NO. 7] AND DENYING AS MOOT MOTION TO STAY [DKT. NO. 11]**

Here, the filing of a notice of bona fide defense and civil
case information sheet by GAP does not rise to the level of a
substantial defensive action indicating a clear, unequivocal intent
to remain in state court.  West Virginia Rule of Civil Procedure
12(a)(1) provides that a defendant must serve an answer within 20
days after service of the summons unless it files a notice of bona
fide defense with the court within that 20-day period, which allows
it to serve its answer within 30 days.  W. Va. R. Civ. P. 12(a)(1).
 The rule requires a defendant to include a civil case information
sheet with its answer.  Id.

Barger's argument, that GAP filed a notice of bona fide
defense and civil case information sheet days before it was
required to do so, is unpersuasive.[2]  The fact remains that had GAP
wanted 30 days to consider its answer, it was required to file a
notice of bona fide defense within the initial 20-day period,  as
provided by the rules.  Whether GAP filed its notice of bona fide
defense on the first day, the twentieth day, or, as it did, on the
twelfth day, is of no moment.  Thus, the situation in this case

---

[2] Even if GAP had filed its civil case information sheet along
with an answer, filing a pleading like an answer or a motion to
dismiss does not waive its right of removal.  16 Moore's Federal
Practice § 107.18[3][b] (Matthew Bender 3d Ed.).

differs markedly from that in <u>Westwood</u>, where the defendant, on his own volition, chose to file a permissive cross-claim.  The Court therefore is unconvinced that this is one of the "extreme situations" where waiver is appropriate.

For all of the reasons discussed, the Court **DENIES** Barger's motion to remand (Dkt. No. 7), and **DENIES AS MOOT** his motion to stay (Dkt. No. 11).

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: June 3, 2015.


                              /s/ Irene M. Keeley
                              IRENE M. KEELEY
                              UNITED STATES DISTRICT JUDGE